## Yaukey *v.* Coffman, Appellant.

*Wills—Construction—Rule in Shelley's Case.*

Testator provided by will: "I give and bequeath to my daughter A. E., intermarried with J. W. Y., during her natural life and at her death to be equally divided between her heirs of issue the property known as the Railroad property." *Held,* the daughter took a fee tail under the rule in Shelley's Case, enlarged by statute into a fee simple.

Argued March 11, 1913. Appeal, No. 55, Jan. T., 1913, by defendant, from judgment of C. P. Franklin Co., Dec. T., 1912, No. 75, in favor of plaintiff on case stated in case of Annie E. Yaukey v. Thomas Coffman. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Case stated to determine marketable title to real estate.  Before GILLAN, P. J.

From the case stated it appeared that on September 7, 1912, Annie E. Yaukey and J. W. Yaukey, her husband, entered into an agreement in writing to sell to Thomas Coffman certain real estate situate in Quincy Township, near Elbrook Station, containing about three acres.  Coffman refused to accept a deed and pay the purchase money, alleging that the vendors had no marketable title.  It appeared that the vendors claimed title under the will of Jesse Baer, Mrs. Yaukey's father. The material portion of the will is as follows:

(4) (Item: I give and bequeath to my daughter Annie E. intermarried with John Will Yaukey during her natural life and at her death, to be equally divided between her heirs of issue the property known as the Railroad property joining Israel Singer and road way between Jacob Harshman and the mill property.  Also all crops remaining on said property at my death.)

The court entered judgment for the plaintiff for $1,800.  Defendant appealed.

*Error assigned* was the judgment of the court.

*Charles Walter,* with him *Arthur W. Gillan,* for appellant.

*Ruthrauff & Nicklas,* for appellee.

PER CURIAM, April 21, 1913:
The only part of the will of the testator to be considered in determining whether the plaintiff could convey a fee simple estate is: "Item: I give and bequeath to my daughter Annie E. intermarried with John Will Yaukey during her natural life and at her death, to be equally divided between her heirs of issue the property known as the Railroad property."   The evident intention of the testator was that the heirs of his daughter

should take by descent from her and not as purchasers from him. This under the rule in Shelley's case gave her an estate tail enlarged by statute into a fee simple.

The judgment is affirmed.